IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

David Levine and Dawn Marie Levine,
individuals,

    Plaintiffs,

vs.

Forest River, Inc.,
a Domestic Profit Corporation,

    Defendant.

Cause No.: 3:23-cv-940

**JURY TRIAL DEMANDED**
**COMPLAINT AND JURY DEMAND**

NOW COME Plaintiffs, David Levine and Dawn Marie Levine, by and through their attorneys, Lemon Law Group Partners PLC, and submit the following as their Complaint against Defendant Forest River, Inc. ("Defendant Forest River" or "Defendant Manufacturer").

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiffs David Levine and Dawn Marie Levine are individuals residing at 375 Cloud View Avenue Southwest, Los Lunas, New Mexico 87031-6398.

2. Defendant Forest River, Inc. is a domestic profit corporation doing business throughout the State of Indiana.  Forest River, Inc. may be served through its registered agent, Mr. Darrel O. Ritchie, 900 County Road 1 North, Elkhart, Indiana 46514.

3. The transactions and occurrences involved in this action took place in the State of Indiana, County of Elkhart.

**COMMON AVERMENTS**

4. On or about August 12, 2022, Plaintiffs purchased a new 2022 Forest River Columbus fifth wheel trailer, VIN: 4X4FCMR29N6013468 from an Authorized Dealership (the "Subject Trailer"). Please see Exhibit A: Purchase Agreement.

5. At the time of purchase, the Trailer was accompanied by a factory warranty which, in relevant part, provided for a 1 (one) year limited warranty (the "Warranty"). Please see Exhibit B: Pertinent Portion of Warranty. Warranty in its entirety is in Defendant's Possession.

6. The Subject Trailer was purchased primarily for personal, family, and/or household purposes.

7. Defendant Manufacturer's warranty covered any repairs or replacements needed during the warranty period and/or due to defects in factory materials or workmanship.

8. In fact, when delivered, the Subject Trailer was defective in materials and workmanship, such defects being discovered within the warranty periods and repairs were attempted.

9. Shortly after purchase, Plaintiffs noticed defects in the trailer including but not limited to numerous body defects, frame damage, loose bolt input incorrectly by manufacturer, spring leaf failure causing extensive damage, washer inoperable, refrigerator door will not shut, shower door handle defects, battery not charging, slide out cable running along slide rail and chewing cable, electric reel for power cord will power on but not move, blinds above kitchen table fall of while driving, and water filter will not come undone. Plaintiffs returned the trailer to Authorized Dealerships for repair on at least 3 (three) occasions. Please see Exhibit C: Repair Orders.

10. Subject Trailer has been out-of-service for at least 30 (thirty) total days for the aforementioned repairs. Please see Exhibit C.

11. Despite the prolonged time during which the Subject Trailer has been out-of-service, Defendant Manufacturer has failed to repair the Subject Trailer so as to bring it into conformity with the warranties set forth herein.

12. The defects experienced by Plaintiffs with the Subject Trailer substantially impaired its use, value, and safety to the Plaintiffs, and have shaken the Plaintiffs' faith in the trailer to operate as designed.

13. Despite Plaintiffs' repeated efforts to allow Defendant Manufacturer the opportunity to conform the Subject Trailer, many nonconforming and defective conditions were not repaired, and still exist.

14. The Trailer still has issues including frame damage.

15. Plaintiffs directly notified Defendant Manufacturer of the defective conditions of the trailer on numerous occasions and that they desired a buy-back of the Subject Trailer, wherein Defendant failed and refused to buy back Plaintiffs' defective Trailer and to reimburse Plaintiffs pursuant to their rights under State and Federal Laws.  Please see Exhibit D:  Written Notification.

16. This cause of action arises out of the Defendant Manufacturer's Breach of Warranty and violation of the Federal Magnuson-Moss Warranty Act as set forth in this Complaint.

17. Plaintiffs seek judgment against Defendant in whatever amount Plaintiffs are entitled to, including equitable relief, consequential damages, along with the costs and expenses of this action.

18. There is no other pending or resolved civil action arising out of the same transaction or occurrence alleged in this Complaint.

## COUNT I
## BREACH OF FACTORY WARRANTY

19. Plaintiffs fully repeat and incorporate Paragraphs 1 through 18, as set forth above.

20. Defendant Forest River extended to Plaintiffs a 1 (one) year limited warranty ("Warranty").

21. Plaintiffs, seeking to repair the Subject Trailer, attempted to exercise Plaintiffs' rights under the Warranty.

22. Defendant Forest River has failed to honor the terms of the Warranty.

23. Defendant Forest River has failed or refused to repair the issues which include frame damage.

24. As a result of the actions set forth above, Defendant Forest River has breached its warranty.

25. As a result of Defendant Forest River's breach of warranty, Plaintiffs have suffered and will continue to suffer significant monetary and consequential damages.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter Judgment in favor of Plaintiffs and against Defendant Forest River in an amount to be proven at trial, including all consequential damages, incidental damages, equitable remedies, costs, interest, and attorney fees.

## COUNT II
## BREACH OF MAGNUSON-MOSS WARRANTY ACT

26. Plaintiffs fully repeat and incorporate Paragraphs 1 through 25, as set forth above.

27. This Court has jurisdiction to decide claims brought under 15 USC § 2301 et seq., by virtue of 15 USC § 2310(d)(1)(A).

28. Plaintiffs are "consumer"'s as defined by 15 USC § 2301(3).

29. Defendant Forest River is a "supplier" and "warrantor" as defined by 15 USC § 2301(4)(5).

30. The Subject Trailer is a "consumer product" as defined by 15 USC § 2301(6).

31. 15 USC § 2310(d)(1)(A), requires Defendant Forest River, as a warrantor, to remedy any defects, malfunction or non-conformance of the Subject Trailer within a reasonable time and without charge to Plaintiffs, as defined in 15 USC § 2304(d).

32. The actions of Defendant Forest River as hereinabove described, in failing to tender the Subject Trailer to Plaintiffs free of defects and refusing to repair or replace the defective trailer tendered to Plaintiffs, constitute a breach of the written warranties covering the Subject Trailer; and thus, constitute a violation of the Magnuson-Moss Warranty Act.

33. Despite repeated demands and despite the fact that the Plaintiffs have complied with all reasonable terms and conditions imposed upon them by Defendant Forest River, Defendant Forest River has failed and refused to cure any defects and non-conformity with the Subject Trailer.

34. As a result of Defendant Forest River's breach of factory warranty as set forth above, and Defendant Forest River's failure to honor its obligations under its warranties, Plaintiffs have suffered and will continue to suffer damages as enumerated above.

35. Defendant Forest River had a reasonable opportunity to remedy the defects in the trailer but has failed to do so, thereby entitling Plaintiffs to a refund of the purchase price pursuant to the Magnuson-Moss Warranty Act.

36. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiffs are entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for judgment as follows:

(1)  For actual damages according to proof at trial;

(2)  For a refund of the purchase price of Subject Trailer;

(3)  For Defendant Forest River to accept return of Subject Trailer;

(4)  For attorney's fees and costs of suit incurred herein;

(5)  For such other and further relief as the court deems just and proper under the circumstances;

(6)  That all issues be tried before a jury.

Dated: October 24, 2023

Respectfully submitted,

LEMON LAW GROUP PARTNERS PLC

By:  */s/Sara Douglass*
Sara Douglass, Esq. (30249-49)
Lemon Law Group Partners PLC
48 North Emerson Avenue, Suite 400
Greenwood, Indiana 46143
Telephone No.: (888) 415-0610
Facsimile No.: (888) 809-7010
sarab@lemonlawgrouppartners.com
eservice@lemonlawgrouppartners.com